

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9403 | **DATE** | 6/30/2003 |
| **CASE TITLE** | Mitchell A. Markovitz vs. Camiros, Ltd., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants defendants Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon's motion to dismiss Counts I and II of the complaint [6-1]. The Court *sua sponte* dismisses without prejudice defendant Arthur Anderson because plaintiff has not executed service pursuant o Fed.R.Civ.P. 4(m). This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TBK | courtroom deputy's initials | 03 JUN 30 PM 3: 35 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCHELL A. MARKOVITZ, ) | **DOCKETED** |
| ) | |
| Plaintiff, ) | JUN 3 0 2003 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| CAMIROS, LTD., an Illinois corporation ) | 02C 9403 |
| and LESLIE S. POLLOCK and ) | |
| JACQUES GOURGUECHON and ) | |
| ARTHUR ANDERSON AND CO., ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has brought copyright infringement claims under the Federal Copyright Act of 1976 against the defendants Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon (Count I). Plaintiff has also alleged that these defendants willfully and wantonly interfered with business relationships (Count II). These defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the foregoing reasons, defendants' motion to dismiss is granted.

## FACTS

Sometime during 1997, plaintiff, a commercial artist in Knox, Indiana, created an individual work of art titled "Michigan City Depot at Night, 1929" ("plaintiff's work"). (Compl. ¶¶ 6-7.) In a letter dated December 19, 1997, plaintiff conveyed the "limited publication rights" of several pieces of his artwork including "Michigan City Depot at Night, 1929" to Steve McShane for use in the book *Moonlight in Duneland: The Illustrated Story of the South Shore and South Bend Railroad* (the "book"). (*Id.* at ¶ 9.) The copyright registration for the book became effective February 17, 1999, two years

prior to the date of the alleged infringement. (Pl.'s Suppl. Evid. ¶ 3.) At all other times relevant to these proceedings, plaintiff was the sole owner of the entire right, title and interest in plaintiff's work. (Compl. at ¶ 11.)

In the 2001 publication of a promotional brochure, defendant Camiros, Ltd., incorporated plaintiff's work without permission and submitted as its own creation such materials to its clients as part of "the strategic vision plan" for Michigan City. (*Id.* at ¶¶ 12-13.) That plan includes the restoration of the South Shore Railroad Station (the subject of plaintiff's work). (*Id.*) Following repeated requests to cease usage of plaintiff's work in defendants' promotional materials and withdraw those disseminated from circulation, plaintiff brought suit in this Court on December 26, 2002. (*Id.* at ¶ 17.) Count I alleges copyright infringement under the Federal Copyright Act. Count II alleges willful and wanton interference with business relationships under state law. Count III alleges copyright infringement specifically against Arthur Anderson and Co. due to its status as a "co-venturer, affiliated entity, party in interest ..." and involvement in the acts of Camiros, Ltd. (*Id.* at ¶¶ 21-22.) According to the official docket, plaintiff has yet to serve Arthur Anderson and Co. in this litigation.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, where the motion challenges the sufficiency of the allegations of subject matter jurisdiction, the district court must accept as true all well-pled allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). If, however, the motion denies the truth of the jurisdictional allegations, the court may weigh the evidence

2

in order to determine whether jurisdiction exists. *Bd. of Trs. of Pipe Fitters' Welfare Fund Local 597 v. Adams,* 1998 WL 259543, No. 97 C 5592, at *2 (N.D. Ill. May 7, 1998). Thus, in the case of a factual attack, "the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins,* 11 F.3d 1573, 1583 (Fed. Cir. 1993) (internal citations omitted).

I.      **Counts I and III: Copyright Infringement**

The owner of a copyright has the exclusive right to reproduce, display and distribute copies of the copyrighted works to the public, and to prepare derivative works. 17 U.S.C. § 106. Copyright protection vests initially in the author of the work at the point of fixation in a tangible medium of expression. 17 U.S.C. § 102. It is a well-settled principle that copyright registration is a prerequisite for the commencement of an infringement action under 17 U.S.C. § 411(a), which states in relevant part: "[N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title . . . ." Registration entails, *inter alia,* compliance with § 407 (deposit required for published domestic works) and § 409 (application for copyright registration). The failure to obtain copyright registration bars a plaintiff from bringing suit under the Copyright Act. *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1108 (9th Cir. 1970); *Brush Creek Media, Inc. v. Boujaklian,* No. C-02-3491 EDL, 2002 WL 1906620, at *4 (N.D. Cal. Aug. 19, 2002); *Burns v. Rockwood Distrib. Co.,* 481 F. Supp. 841, 845 (N.D. Ill. 1979).

Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon argue in support of

their motion to dismiss that plaintiff's claim for copyright infringement fails because plaintiff has not properly established copyright registration in accordance with 17 U.S.C. § 411(a). If so, then the Court lacks subject matter jurisdiction over plaintiff's copyright infringement claims against these defendants in Count I (as well as plaintiff's copyright infringement claims against Arthur Anderson and Co. in Count III). In response, and with a showing of supplemental evidence, plaintiff argues that proper registration sufficient to satisfy § 411(a) has been made due to the licensed appearance of plaintiff's work in the book properly registered with the United States Copyright Office by its authors Ronald D. Cohen and Stephen G. McShane (the "authors"). Defendants argue, and the Court agrees, that the limited license for publication of plaintiff's work in the book that plaintiff granted to the authors does not cure plaintiff's failure to obtain proper copyright registration prior to commencing this infringement action. Plaintiff's individual work must be registered in accordance with the Copyright Act for this Court to have proper subject matter jurisdiction.

Defendants' position, *i.e.*, that plaintiff's reliance upon the copyright registration of the book to satisfy the requirements of § 411(a) is misplaced, receives strong support from *Morris v. Business Concepts, Inc.*, 283 F.3d 502, 505 (2d Cir. 2002). In *Morris*, the plaintiff contended that the registration of a collective work also registered a copyright in its constituent parts, thereby satisfying the jurisdictional requirements of § 411(a) in a suit for infringement of the constituent work. *Id.* at 505. The *Morris* court disagreed and held that "unless the copyright owner of a collective work also owns all the rights in a constituent part, a collective work registration will not extend to a constituent part." *Id.*

Plaintiff's supplemental evidence includes the copyright application for the book, which states under the section entitled Nature of Authorship, "Some of text, compilation

4

of text and of illustrations." (Pl.'s Mot. Incl. Suppl. Evid., Attach.) This description coupled with the letter from plaintiff to author Steve McShane that conveys "limited publication rights" of plaintiff's artwork demonstrates that only *some* of the rights to plaintiff's work were conveyed to the authors for purposes of the book. (Compl., Attach.) The court in *Morris* held that as in *Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998), if *all* rights have been transferred to the claimant, then the constituent work is included in the registration of the collective work. *Morris*, 283 F.3d at 505. As in *Morris*, plaintiff has not alleged that *all* rights to plaintiff's work were transferred to the authors of the compilation. If so, then the *authors* might have a claim for copyright infringement against the defendants. However, plaintiff may not sustain an action under these facts for infringement.

Plaintiff mistakenly relies upon *New York Times Co., Inc. v. Tasini*, 533 U.S. 483, 487 (2001), a case in which freelance authors of articles previously published in periodicals (collective works) copyrighted by the New York Times brought suit against the publishers and owners of electronic databases after the articles were made available on such databases. In *Tasini*, whether there was proper subject matter jurisdiction was not before the Court. *Id.* Further, as opposed to the facts in this case, both the publishers and the freelance authors had registered copyrights-the publishers registered each periodical edition in which an article appeared and the authors registered each article. *Id.* at 489. Although, the Court addressed the rights of authors who license their works to others for inclusion in collective works, the Court's focus was placed upon the continuing existence of the authors' copyrights once a license had been given to the copyright owners' of the collective work. *Id.* at 493-94. Nothing in the *Tasini* opinion suggests that authors of individual works may obtain *more* rights by virtue of registration of the

collective work such as the right to bring and action for infringement in violation of 17 U.S.C. § 411(a) where the authors have failed to register. The plaintiff has not alleged or offered any proof that the plaintiff's work was copyright registered prior to plaintiff's bringing this action for infringement.

Based on the lack of registration of the copyright claim in plaintiff's work by the plaintiff, the Court finds that the requirements of 17 U.S.C. § 411(a) have not been met. Thus, the Court grants defendants' motion to dismiss Count I for lack of subject matter jurisdiction.

The procedural posture of the case at this moment brings to the Court's attention the copyright infringement claim against Arthur Anderson (Count III). Arthur Anderson has not yet been served with the complaint, the allotted time has passed for plaintiff to do so, and thus, the Court dismisses this defendant without prejudice. *See* FED. R. CIV. P. 4(m). Although it is possible that plaintiff, on a motion to reconsider, could show that he had executed service on Arthur Anderson such that dismissal of Arthur Anderson was improper, the ultimate effort would prove futile because the Court lacks subject matter jurisdiction over the plaintiff's copyright infringement claim in Count III against Arthur Anderson for the very same reason that the Court lacks jurisdiction over plaintiff's copyright infringement claim in Count I against Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon.[1]

---

[1] Any issues relating the Lanham Act discussed by the plaintiff in his response brief to defendants' motion to dismiss are not properly before the Court. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The complaint that is the subject of the instant motion to dismiss does not claim a violation of the Lanham Act and plaintiff has failed to move to amend the complaint to include such a claim.

## II. Count II: Tortious Interference with Business Relationships

In Count II, plaintiff alleges willful and wanton interference with business relationships by Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon. Under 28 U.S.C. § 1367(c) the district court may in its discretion decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." Absent a compelling reason to retain supplemental jurisdiction, if all federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well. *Vukadinovich v. Bd. of Sch. Trs.*, 978 F.2d 403 (7th Cir. 1992). Accordingly, the Court in its discretion declines to exercise jurisdiction over Count II because the claims over which it has original jurisdiction have been dismissed.

## CONCLUSION

The Court grants defendants Camiros, Ltd., Leslie S. Pollock, and Jacques Gourguechon's motion to dismiss Counts I and II of the complaint [doc. no. 6-1]. The Court *sua sponte* dismisses without prejudice Arthur Anderson because plaintiff has not executed service pursuant to Fed. R. Civ. P. 4(m). This case is hereby terminated.

SO ORDERED          ENTERED: 6/30/03

HON. RONALD A. GUZMAN
United States Judge

7